UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PAUL B. CAMERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20CV218-PPS |
| | ) |
| MARTIN O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This closed Social Security disability appeal is before me on the motion of plaintiff's counsel for an attorney's fee pursuant to 42 U.S.C. §406(b)(1). [DE 26.]

Paul Camery filed applications for disability insurance benefits and supplemental security income benefits in July 2015. Following an unfavorable decision by an Administrative Law Judge, the Appeals Council denied his request for review. Camery filed his complaint in this Court pursuant to 42 U.S.C. § 405(g) on June 4, 2020. On February 17, 2021, I granted the Commissioner of Social Security's agreed motion for reversal with remand for further administrative proceedings. In May 2021 the parties stipulated to plaintiff's counsel receiving attorney fees in the amount of $5,500.00 pursuant to the Equal Access to Justice Act ("EAJA"). [DE 24, 25.]

Camery prevailed on remand, and has been awarded past-due benefits in the amount of $126,456.92. [DE 26 at 1.] Section 406(b)(1)(A) authorizes the district court, after a judgment favorable to the social security claimant, to "determine and allow as

part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." Of the past-due benefits awarded, $31,614.23 is being withheld by the Commissioner for potential payment of attorney's fees to Camery's counsel. [*Id.*] Camery's counsel seeks a total fee in the amount of the full 25% of the past-due benefits. In response, the Commissioner does not object to the net award of attorney's fees requested by Camery's counsel. [DE 28 at 1.]

I conclude that a full 25% contingency fee is reasonably awarded. First, I note that claimant Camery entered into a Social Security Contingent Fee Contract for representation in this court, in which Camery agreed to a contingent fee of up to 25% of whatever past-due benefits he would be awarded as a result of counsel's representation. [DE 26-2 at 1.] So Camery was fully aware of the potential for such a fee and agreed to that possibility.

Second, I believe that, absent extraordinary circumstances, a reasonable contingency fee for representation in social security appeals should be awarded in successful cases. Contingency fees acknowledge and reward the substantial risk counsel face in undertaking this kind of case. The availability of contingency fee arrangements offer several societal benefits, by encouraging attorneys to represent claimants in social security appeals and enabling claimants unable to pay an hourly fee to obtain counsel.

Counsel's performance before this court and on remand has resulted in a substantial award of past-due benefits, as well as secured for her client ongoing disability benefits and health care benefits, all as a result of counsel's work on his behalf. Factoring in the value of future monthly benefits through age 67, plaintiff's potential lifetime benefit amounts to over $305,843.12 (excluding any future cost of living adjustments) as a result of counsel's work, along with added value of Medicare. [DE 26 at 5.] I will approve the requested 25% fee award in the total amount of $31,614.23.

Counsel recognizes that she may not receive both the full 25% of benefits amount now being withheld <u>and</u> the $5,500 in EAJA fees previously awarded. [DE 26 at 6.] *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The motion requests that counsel be permitted to retain the $5,500 she was previously paid and that the Commissioner be instructed to disburse the net balance of $26,114.23 to counsel. [*Id.*] The Commissioner takes no position on the request for a "netted 406(b) award," which I am willing to direct. [DE 28 at 4.] *See O'Donnell v. Saul*, 983 F.3d 950, 958 (7th Cir. 2020); *Lovato v. Saul*, No. 2:19-cv-294-RLM, 2021 WL 1921677, at *2 (N.D.Ind. May 13, 2021).

**ACCORDINGLY:**

The motion for an award of attorney fees under 42 U.S.C. §406(b) [DE 26] filed by Plaintiff's attorney is GRANTED.

Total attorney's fees of $31,614.23 (or 25% of plaintiff's past-due benefits) are reasonable for counsel's representation of Paul B. Camery before the court in this

3

matter.  To achieve that award, the Commissioner of Social Security shall pay directly to attorney Meredith E. Marcus $26,114.23 from the amount of past-due benefits withheld, and remit to Paul B. Camery the remainder of the past-due benefits withheld.

    SO ORDERED.

    ENTERED: January 9, 2024.

                                      /s/   Philip P. Simon
                                      PHILIP P. SIMON, JUDGE
                                      UNITED STATES DISTRICT COURT